OPINION of the Court, by
Judge Owsiey.
This ⅛ a contest for land, under adverse conflicting claims. The appellee, who was complainant ip the court below, claims under the junior patent, and must consequently rely upon his superior equity, derived from the entry under which he claims. That entry ⅛ as follows:
Entry.
Prance up , a creek ' is to’ be taken on a dire& line, not by che mean, ders*
A branch ¿éfcribed as béirifour miles up the c teek, impoies reafonable diligence ofinquiry#
Benjamin Huberts and James Parris enter 20,0CK5i acres upon part qf four treasury warrants,’No. See. beginning at the lower corner of the back line of Patten & Co’s. last entry, to run along their back line and east-wardly for quantity.”
AS tjiis entry is made to depend on that of Patten & Co. it becomes necessary to examine its validity. It is in the following words :
“ January 9th, 1783 — James Patten, Benjamin Pope and Mark Thomas, assignees of Benjamin Roberts, enter 30,000 acres upon part of six treasury warrants, No. &c. on the waters of Brashears’ creek, beginning up a branch emptying into said creek, about four, miles from the mouth, on the upper side, running parallel with the creek the sanie distance therefrom eight miles, then off at right angles eastwardly for quantity.”
The mouth of Brashears’ creek at the dato of the preceding entries is admitted to be a place of general notoriety. A subsequent locator, with the en try of Patten, Ac. in his hands, and wishing to, appropriate the vacant residuum, could therefore have no difficulty in finding the mouth of Brashears’ creek, and when found he would he necessarily led to examine for the branch up which Patten & Co’s, entry begins.
In making this examination, according, to the uniform course of decisions, the distance mentioned for the' mouth of the branch should be estimated on a direct line, and not with the meanders of the creek. — (Vol. 3, Smith vs. Walton, 153 — Carland vs. Rowland, 127.)
In pursuing this rule of admeasurement, the subsequent locator, in making his examination for the beginning, could not he misled, or in any respect embarrassed by the two first branches emptying into the creek above the mouth on the upper side, those branches emptying into the creek not more than about one mile and a half from its mouth ; hut in pursuing his examination for the branch, the locator, before he would arrive at the distance from the mouth of the creek called for in the entry, would find three branches, each of which empty into the creek on the upper side, and the mouth, of. each branch would be found within a few poles ,of the distance of four miles from the mouth of the creek. And when these branches are found, it is impossible the subsequent locator, by any description contained in the entry, could apply it to the one in preference to the *109 other: they all equally fit the calls of the entry; tjfyey all empty into the crebk on the upper side, and about four miles from its mouth: he could not therefore possibly know tip which of‘these branches Patten & Go’s, entry called to begin.
Three bran-ches . *⅞<⅝⅝ the entry is ’only for a“ mm to farveyi made hy tuas ded to.
the' craer“k \£ fame diftance therefrom,” ! raiid to ⅛ seneral '«wfe, to par[kj different wind-⅛-
“ Beginning a. brancli miles from the mouth of BreHem* ylTI-B ⅛⅛
But from the aptitude of each of the branches to the calls of the entry, it is obvious the locator of the entry intended it should begin up one of them. But where on the branch the entry should begin, whether at the head, pr the mouth, or elsewhere, the entry is altogether silent. As, therefore, the calls of the entry would be satisfied as well by beginning on one part of each of these branches as the other, it can only be supported, if at all, tor so much land as will be included in common by surveys beginning at any part of each of the branches, and extended according to the other calls of the entry. For so much as will not thus be included in common, the entry is uncertain and cannot be sustained. — (Marshall vs. Rough's Heirs, vol. 2, 631-2.)
In making the survey, we are of opinion the line from the beginning should be extended eight miles, when run parallel with the different windings of the creek, and not on a direct line with the general course of tile creek, Whatever disposition this court may hitherto have manifested, or do still entertain to construe entries so as to1 give them reasonable shape, such a construction should pever be given in violation of the clear import of the words of an entry. In the present case, the locator in making his entry, as though he apprehended his meaning might'not be definitely understood, has not been Content by directing the line from the beginning to be extended parallel with the creek, but to manifest his intention more clearly, expressly directs the line to be rup the same distance from the creek.
After this exposition of the entry, it is evident, that Without a gross violation of the locator’s, meaning, the base line of the survey cannot he extended eight miles on a direct line from the beginning.
We are however of opinion the line should be extended up, and not down the creek from the beginning : for although the entry contains no, express direction whether it should be extended up or down the creek, yet we think the different calls of the entry evidently indicate that the locator did not intend tp appropriate any lamd below the beginniiig. ‘
the mouth of the branch is bf 'appropriated.
\Ve havc thought it unnecessary to determine how the other calis in Patten & Go’s, entry should be surveyed, for whatever might be the construction gi ven to them, ⅛ is manifest they can in no wise aifect the present case, j-0 the appellee’s entry, it need only be remarked, that as it depends on that of Patten & Co. it must partake of all of its vagueness and uncertainty ; and if so, it is evident it cannot be supported for any part of ⅛⅝ land in contest.
The decree of the court below must therefore be reversed with costs, and the cause remanded to the court below, and the bill of the complainant there dismissed with, costs.